GRANT *v.* ATTRILL.[*]

*(Circuit Court, S. D. New York.   March 21, 1882.)*

CORPORATION—TRANSFER OF STOCK—FRAUD IN.

> Where defendant and other directors of a corporation levied an assessment upon stock of a corporation, upon which but a small proportion of the par value had been paid, and threatened future assessments for the purposes of the corporation, whereby plaintiff was induced to sell and transfer his stock, *held,* that such sale was not so tainted with fraud as to render it void

In Equity.   On demurrer to bill.

*Wheeler H. Peckham,* for orator.

*S. G. Wheeler, Jr.,* for defendant.

WHEELER, D. J.   This bill is brought to set aside a conveyance of 200 shares of the capital stock of the Crescent City Gas-Light Company from the orator to the defendant, and to have the defendant declared a trustee for the orator of the stock and its avails.   The defendant demurred to the bill, and the cause has been heard upon the demurrer.   The bill alleges, in substance, that the orator was the owner of the 200 shares of stock, of the par value of $100, on which 50 cents per share had been paid; that the defendant and others, holding a majority of the stock, elected the defendant, and others acting and agreeing with him, directors, and made an assessment upon the subscription for stock, and threatened to make others rapidly, for the purposes of the corporation, when in fact they were not necessary for those purposes, and which they did not intend to enforce if they could purchase the rest of the stock; that believing they would be made and enforced, and fearing that the money would be misapplied, the orator sold his stock at $2.50 per share; and that the assessments were not made and collected, and the stock has turned out to be of great value.

There are many epithets employed in stating these facts in the bill, but they do not enlarge the legal force of the facts.   Many facts in the subsequent history of the company are set forth, but the validity and force of this transaction are to be determined by the facts as they then existed, and such representations and concealments as were then made.   If the sale was not so tainted with fraud as to be void or voidable, the stock became the defendant's and the plaintiff ceased to be a stockholder, and whatever subsequent frauds upon stockholders there may have been, none of them were a fraud upon him.   The

[*]Reported by S. Nelson White, Esq., of the New York bar.

substance of the representations made as to these existing facts was that an assessment had then been made. It is not alleged that no assessment in form had been made. The purport of the allegations is that one had been made, and made regularly. Corporation stock is taken to be assessed for the subscription. A corporation with stock at the par value of $100, on which only 50 cents per share should be paid, would be exceedingly hollow. The funds arising from the assessment would be corporate property. If the defendant and others would not pay their subscriptions or assessments, nor have them enforced while they enforced those against others, equity would afford the others relief. *Dodge* v. *Woolsey*, 18 How. 33. The orator is to be supposed to know his rights. The defendant does not appear to have misrepresented or concealed any material fact relative to the corporate property or franchises. What was represented and withheld related to the policy of the management. The orator seems to have preferred to sell rather than risk the management promised; and he sold out. The course of the defendant may not have lain in the direction of the highest morality, and the whole scheme in which the orator and all were engaged may not; but this court is dealing with such rights as the law takes notice of, and not with purely moral questions. There is not enough shown, as the bill is framed, to entitle the orator to rescind the contract and be restored to his stock.

The demurrer is sustained.